IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CR-454-WKW |
| | ) | [WO] |
| JAMIE SAVEON GARDNER | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Jamie Saveon Gardner's *pro se* motion for a concurrent sentence or, alternatively, for compassionate release. (Doc. # 50.) The Government filed a response in opposition. (Doc. # 53.) The motion is due to be denied.

**I. BACKGROUND**

On October 19, 2016, Mr. Gardner was indicted on one count of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g). In October 2016, Mr. Gardner was brought into federal custody pursuant to a writ of *habeas corpus ad prosequendum* for his arraignment. (Docs. # 13, 14.) He later pleaded guilty, and, on May 2, 2017, was sentenced to forty-eight months. The judgment is silent as to whether Mr. Gardner's sentence was to run concurrently to any anticipated state term of imprisonment. (Doc. # 44.) Thereafter, Mr. Gardner was returned to state custody, and the federal judgment was filed as a detainer.

Mr. Gardner subsequently was sentenced in the Circuit Court of Montgomery County, Alabama, to sixty-two months on his conviction for assault, second degree, and certain persons forbidden to possess a firearm. Mr. Gardner represents that the state court judge ordered that his state sentence run concurrently with his federal sentence. Having completed his state-court sentence, Mr. Gardner has been in federal custody since August 1, 2019, serving his forty-eight-month sentence. Mr. Gardner requests a recommendation from this court that service of his federal sentence be run concurrently with his later-imposed state sentence. The Bureau of Prisons ("BOP") also has written a letter to the court requesting its recommendation on a retroactive designation in this case and indicating that the BOP will adhere to the court's position.

## II.  DISCUSSION

District courts have the authority to order a federal sentence to run concurrently with an anticipated state sentence. *See* 18 U.S.C. § 3584; *Setser v. United States*, 566 U.S. 231, 244 (2012). However, the judgment in this case does not mention anything about the potential for a later-imposed state sentence.

At this juncture, the court is powerless to amend Mr. Gardner's judgment. Except in limited circumstances that do not apply here, 18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment after it has been imposed. Mr. Gardner is correct that, notwithstanding this statutory barrier, the BOP can enter a

retroactive designation as to the place of imprisonment. Under 18 U.S.C. § 3621(b), the BOP designates the place of imprisonment, and, in Mr. Gardner's case, it has the authority to designate a state prison as the place where Mr. Gardner is to serve his federal sentence. *See* § 3621(b); Dep't of Justice, BOP, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence ("BOP Program Statement"), ¶ 9(b)(4). Additionally, the BOP may make this designation retroactive or *nunc pro tunc*, which effectively results in the federal sentence running concurrently with the state sentence. *See* BOP Program Statement, ¶ 9(b)(4); *see also Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990) ("Barden's state incarceration can be credited against his federal sentence if the Bureau, *nunc pro tunc*, designates Rockview [a state institution] as the facility where Barden served a portion of his federal sentence.").

 Based on the sentencing guidelines and the reasonableness of his sentence, viewed through the lens of 18 U.S.C. § 3553, it was the court's intention that Mr. Gardner's federal sentence run consecutively to any later-imposed state court sentence. The nature and circumstances of Mr. Gardner's offense and his characteristics and history involving firearms and violence do not favor release. *See* § 3553(a)(1). To exemplify, as detailed in the presentence report, Mr. Gardner has a prior felony convicted for robbery, first degree, and he committed the instant offense while on bond for an assault, second degree, having discharged a firearm

into an occupied building and having possessed a firearm by a forbidden person. The details surrounding those state charges involved Mr. Gardner's altercation with another individual during which Mr. Gardner shot the victim in the ankle and fired several rounds that entered nearby businesses.[1]  (Doc. # 43, ¶¶ 24, 28.)   Mr. Gardner has a record of violence in prison and out that cannot be ignored or excused.  Under § 3553(a)(2), a concurrent sentence would undercut the gravity of his offenses, would diminish public respect for the law, and would fail to protect the public from additional crimes of Mr. Gardner.  Accordingly, Mr. Gardner's motion requesting a concurrent sentence will be denied.

    Mr. Gardner's alternative request for compassionate release also lacks merit. Invoking § 3582(c)(1)(A)(i), Mr. Gardner argues that the court has authority to "look back at cases and reduce some of the most egregious and unfair sentences for federal prisoners."  (Doc. # 50, at 2–3.)  A defendant may move for compassionate release only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A) (alterations added).  The Eleventh Circuit has held that § 3582(c)(1)(A) "is a claim-processing rule." *United States v.*

---

[1] Although charged and convicted in state court for these offenses, Mr. Gardner was not held accountable for this criminal activity under the relevant conduct provisions of his instant offense conduct.

4

*Harris*, 989 F. 3d 908, 911 (11th Cir. 2021).  A claims-processing rule, which "require[s] that the parties take certain procedural steps at certain specified times," is "mandatory in the sense that a court must enforce the rule if a party properly raises it."  *Id.* (cleaned up).

Here, the Government has invoked § 3582(c)(1)(A).  It has argued that Mr. Gardner's failure to address whether he has complied with § 3582(c)(1)(A) necessitates the denial of his motion.  Because the Government has not forfeited its defense of failure to exhaust, § 3582(c)(1)(A) must be enforced.  Mr. Gardner does not address whether he has complied with the statutorily mandated procedure for exhaustion.  Denial of his motion on that basis alone is warranted.  However, even if Mr. Gardner had exhausted his administrative remedies, he has not shown grounds for compassionate release.  First, he has not established "extraordinary and compelling reasons" warranting his early release from prison.  § 3582(c)(1)(A).  Second, he has failed to demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  Third, the balancing of the § 3553(a) factors and consideration of Mr. Gardner's post-sentencing disciplinary record do not favor release.

## III.  CONCLUSION

Based on the foregoing reasons, it is ORDERED that Defendant's *pro se* motion for a concurrent sentence or, alternatively, for compassionate release (Doc. # 50) is DENIED.

DONE this 28th day of July, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
